UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Apr 27, 2011

IN RE: )
 )
BILES, RANDY BEHRENS and ) Case No. 10-13792-R
GUESS-BILES, CAROLYN SUE, ) Chapter 7
 )
        Debtors. )

## MEMORANDUM OPINION

Before the Court is the Motion to Avoid Judgment Lien and Notice of Opportunity for Hearing (Doc. 27) ("Motion") filed by the Debtors on February 15, 2011, and Sharp Mortgage Company's Response and Objection to Debtors' Motion to Avoid Judgment Lien (Doc. 33) ("Objection") filed by Creditor Sharp Mortgage Company ("Sharp") on March 1, 2011. A hearing was held on March 16, 2011, at which the parties stipulated that their dispute involved only an issue of statutory interpretation. The Court afforded the parties a period of time to submit factual stipulations and legal memoranda. On March 30, 2011, the Debtors filed their Brief in Support of Debtors' Motion to Avoid Judgment Lien (Doc. 39) ("Debtors' Brief"). On April 27, 2011, the parties jointly filed a Stipulation of Facts Regarding Debtors' Motion to Avoid Judgment Lien (Doc. 41).

The Court has jurisdiction of this core proceeding by virtue of 28 U.S.C. §§ 1334, 157(a), and 157(b)(2)(K) and (O); and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

In June 2010, Sharp obtained a judgment foreclosing mortgages and authorizing a sheriff's sale on two rental properties owned by the Debtors. After applying the proceeds of the sheriff's sales to the indebtedness secured by the rental properties, Sharp obtained a deficiency judgment against the Debtors in the amount of $74,344.62. On October 8, 2010, Sharp recorded

a Statement of Judgment with the Tulsa County Clerk, thereby imposing a judgment lien on all the Debtors' real property located in Tulsa County, including their homestead.[1]

On November 2, 2010, the Debtors filed for relief under Chapter 7 of the Bankruptcy Code and claimed the following property as their exempt homestead:

> The East One-Hundred Twenty-five (125) feet of the South One Hundred Sixty (160) feet of tract Forty-eight (48), GLENHAVEN ADDITION, to the City of Tulsa, Tulsa County, State of Oklahoma, according to the recorded plat thereof.

(the "Homestead").   The exempt nature of the Homestead is not disputed by Sharp.

On February 15, 2011, the Debtors filed their Motion seeking to avoid Sharp's judgment lien against the Homestead pursuant to 11 U.S.C. § 522(f)(1), which provides–

> (1) Notwithstanding any waiver of exemptions but subject to paragraph (3),[2] the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
>
>     (A)   a judicial lien . . .[3]

In the Objection, Sharp contends that the lien arising upon the recording of its deficiency judgment cannot be avoided under § 522(f)(1)(A) because § 522(f)(2)(C) provides that "[t]his paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure."[4]

---

[1] See In re Richardson, 224 B.R. 804 (Bankr. N.D. Okla. 1998) (pursuant to 12 O.S. § 706, a judgment lien attaches to homestead, and impairs a debtor's exemption, even though the lien cannot be foreclosed so long as the property qualifies as the debtor's homestead).

[2] Paragraph (3) of § 522(f) is not implicated in this case, as it serves to limit the extent to which a lien on certain exempt "implements, professional books, or tools of the trade . . ., or farm animals or crops" may be avoided.

[3] 11 U.S.C. § 522(f)(1)(A).

[4] 11 U.S.C. § 522(f)(2)(C).

The Court concludes that § 522(f)(2)(C) does not preclude a debtor from avoiding a judicial lien arising from a deficiency judgment taken in connection with a mortgage foreclosure action. The Court expressly adopts the reasoning of the United States Court of Appeals for the First Circuit in the case of In re Hart,[5] in which it held that § 522(f)(2)(C) simply dispels any perception that § 522(f) permits a debtor to avoid a mortgage foreclosure *judgment* on its homestead. Because § 522(f)(2)(C) provides that the paragraph does not apply to a "judgment" and does not contain the word "lien," the section does not even purport to address the avoidability of a lien arising from a deficiency judgment taken after a foreclosure sale. The First Circuit concluded that–

> Congress used § 522(f)(2)(C) to contrast mortgage foreclosure judgments from liens which are avoidable under § 522(f), clarifying that the entry of a foreclosure judgment does not convert the underlying consensual mortgage into a judicial lien which may be avoided. Mortgage foreclosure judgments do not become judicial liens subject to avoidance under § 522. . . . [A} deficiency judgment . . . is a non-consensual judicial lien like any other which is subject to avoidance under § 522(f).[6]

The Debtors herein are not attempting to avoid a foreclosure judgment on their exempt homestead, but rather are seeking to avoid a lien arising from the recording of the deficiency judgment entered following the foreclosure of mortgages on their rental properties. Because Sharp's lien is a non-consensual judicial lien on the Homestead, and because it impairs the exemption to which the Debtors are otherwise entitled under 11 U.S.C. § 522(b) and 31 O.S. § 1(A)(1), it is avoidable as against the Homestead. Therefore, the Objection should be overruled and the Motion should be granted. A separate order shall be entered herewith.

---

[5]328 F.3d 45 (1st Cir. 2003).

[6]Hart, 328 F.3d at 49.

Dated this 27th day of April, 2011.

*[signature]*

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE